WILLIAM R. HOGAN, BY HIS GUARDIAN, MARY HOGAN, PLAINTIFF v. JOHNSON MOTOR LINES, EMPLOYER; SELF-INSURER (CARRIERS INS. CO., REINSURANCE CARRIER) DEFENDANTS; CECO CORPORATION, THIRD PARTY TORT-FEASOR

No.7810IC451

(Filed 17 October 1978)

**Master and Servant § 89.4— workmen's compensation — recovery against third party tort-feasor — apportionment of attorney fees**

    The provision of G.S. 97-10.2(f)(2) which directs that the attorney fee incurred by the party who effects recovery against a third party tort-feasor be apportioned between and paid by the employee and his compensation paying employer in proportion to the amount which each receives from the recovery does not unjustifiably impair the freedom of the employer and its insurance carrier to contract on their own for attorneys to represent them in the prosecution and settlement of their subrogation rights against the third party tort-feasor and is constitutional.

APPEAL by defendants from order of the North Carolina Industrial Commission entered 27 February 1978 in Docket G-8704. Heard in the Court of Appeals 29 September 1978.

This is an appeal by the employer and its reinsurance carrier from an order of the Industrial Commission entered pursuant to G.S. 97-10.2(f) directing disbursement of the proceeds of a consent judgment obtained by the employee against the third party tort-feasor whose negligence caused the employee's injuries.

On 23 June 1976 the employee sustained an injury by accident arising out of and in the course of his employment when he was involved in a vehicular accident caused by negligence of a third party. The employer, Johnson Motor Lines, admitted liability under the Workmen's Compensation Act and pursuant to an agreement approved by the Industrial Commission commenced paying compensation for permanent total disability due to loss of the employee's mental capacity. Under G.S. 97-29 such payments are to be made during the life of the injured employee. The employer, a self-insurer, had a reinsurance policy with Carriers Insurance Company by which Carriers assumed the employer's liability after certain payments were made. At the time of entry of the order appealed from, records of the Industrial Commission indicated that the employer had paid a total of $47,063.70 and its insurance carrier had paid a total of $7,535.32 in medical expenses and compensation.

The employee, through his guardian, brought suit in the Superior Court in Cabarrus County against the third party tort-feasor. This suit was settled by a consent judgment dated 10 October 1977 under which the defendant tort-feasor paid into court the sum of $850,000.00 to be disbursed by the Clerk of Superior Court in accordance with the orders of the Industrial Commission pursuant to G.S. 97-10.2(f). Since the plaintiff employee had been adjudged incompetent, Judge Hal H. Walker, prior to signing the consent judgment, heard evidence and found as a fact that the settlement was fair and equitable and for the best interest of the plaintiff. The consent judgment also contained the following:

> [I]t further appearing to the Court that Wardlow, Knox & Knox, the attorneys representing the plaintiff making the settlement set out herein, have rendered valuable legal services to the plaintiff (as a consequence of which Johnson Motor Lines, Inc. and Carriers Insurance Company have benefited) in connection with investigating the facts of the accident and the nature and extent of the plaintiff's injuries,

in negotating the settlement herein provided for and in the institution and prosecution of this action and that the sum of $283,333.00 is a fair and reasonable compensation for said services, it is ORDERED that the Clerk of this court pay from the recovery hereinabove provided, subsequent to and in accordance with such final order of the North Carolina Industrial Commission as may be issued pursuant to NCGS § 97-10.2(f), the sum of $283,333.00 to Wardlow, Knox & Knox as reasonable compensation for said legal services.

The employer and its reinsurance carrier joined in executing the 10 October 1977 consent judgment. A copy of this consent judgment was filed with the Industrial Commission.

On 14 October 1977 Chairman William H. Stephenson of the Industrial Commission signed an order which in substance recited the foregoing facts and further found that, since the subrogation interest of the employer and its reinsurance carrier could not as yet be determined, the Commission had no alternative but "to order reimbursement of the funds expended thus far, fix the attorney fees to be paid, and order the balance of the third party funds placed in trust until the total subrogation interest may be calculated." Chairman Stephenson's order then provided:

IT IS THEREUPON ORDERED that the $850,000.00 held by the Clerk of the Superior Court of Cabarrus County be disbursed as follows:

1. The sum of $283,333.00 shall be paid attorneys Wardlow, Knox & Knox as their fee for services rendered therein as provided in the Judgment entered in Superior Court.

2. The sum of $31,375.80 shall be paid Johnson Motor Lines to cover its subrogation interest as of this date.

3. The sum of $5,023.55 shall be paid Carriers Insurance Company to cover its subrogation interest to date.

4. The balance of the recovery in the amount of $530,267.66 shall be held in an interest-bearing account as trustee for the parties herein by the Clerk of the Superior Court of Cabarrus County until further order of this Commission.

IT IS FURTHER ORDERED that a certified copy of this Order be furnished the Clerk of the Superior Court of Cabarrus County for his information and guidance.

IT IS FURTHER ORDERED that defendants continue to comply with the Workmen's Compensation Act as regards medical and compensation benefits due the employee as provided in said Act and that nothing contained in this Order be construed as to relieve the compensation defendants of the duty in this regard imposed by the statute.

The employer and its reinsurance carrier appealed to the Full Commission, which on 27 February 1978 affirmed the order entered 14 October 1977 by Chairman Stephenson and adopted that order as its own. From this order of the Full Commission, the employer and its reinsurance carrier appealed to this Court.

*Wardlow, Knox, Knox, Robinson & Freeman by Charles E. Knox, H. Edward Knox, and John S. Freeman for plaintiff appellee.*

*Hedrick, Parham, Helms, Kellam & Feerick by Hatcher Kincheloe and Edward L. Eatman, Jr., for appellants.*

PARKER, Judge.

By this appeal the appellants challenge as unconstitutional the provision in G.S. 97-10.2(f)(2) which directs that the attorney fee incurred by the party who effects recovery against a third party tort-feasor be apportioned between and paid by the employee and employer in proportion to the amount which each receives from the recovery. We find the statute constitutional and affirm the order of the Industrial Commission.

As originally enacted, the North Carolina Workmen's Compensation Act required an employee injured by the tort of a third party to elect between accepting an award under the act or procuring a judgment against the third party. He could not do both. Acceptance of an award worked an assignment of his claim against the tort-feasor to his employer, who could enforce it. Any amount recovered by the employer was applied first to pay the reasonable expenses and attorney's fees incurred in effecting the recovery, next to reimburse the employer in the amount for which he was liable under the act, and finally any excess was held

for the benefit of the injured employee. Sec. 11, Ch. 120, Public Laws of 1929. By amendment in 1933, the injured employee was in any event given the right to receive compensation under the act, and the employer was given the right within the first six months after the injury to file suit against the tort-feasor. If he failed to do so within that time, the injured employee thereafter had the right to bring the action. Any recovery effected against the tort-feasor, whether by action of the employer or employee, was applied in the same sequence as formerly. Sec. 1, Ch. 449, Public Laws of 1933. By amendment in 1943 the employer was given the exclusive right to bring the action against the third party during the first six months in cases in which the employer filed with the Commission written admission of liability under the act as well as in cases in which an award under the act had been issued. The 1943 amendment also provided that the attorney fees incurred in effecting recovery against the third party "shall be a charge against the amount due and payable to the employer and employee in proportion to the amount each shall receive out of the recovery." Sec. 1, Ch. 622, 1943 Session Laws.

The statutory provisions relating to the prosecution of claims against third party tort-feasors were further amended by Sec. 1, Ch. 1324, 1959 Sessions Laws and by Sec. 1, Ch. 171, 1971 Sessions Laws. These provisions are still in effect and are now codified in G.S. 97-10.2. Under these provisions the injured employee, rather than the employer, is given the first right to proceed to enforce the liability of the third party, if such proceedings are instituted not later than 12 months after the date of injury. Thereafter, either the employee or the employer, if he has filed written admission of liability under the act, has the right for a certain time to proceed to enforce the liability of the third party. G.S. 97-10.2(c). Distribution of any amount recovered from the third party is governed by G.S. 97-10.2(f), which is as follows:

   (f)(1) If the employer has filed a written admission of liability for benefits under this chapter with, or if an award final in nature in favor of the employee has been entered by, the Industrial Commission, then any amount obtained by any person by settlement with, judgment against or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial

Commission for the following purposes and in the following order of priority:

a. First to the payment of actual court costs taxed by judgment.

b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and such fee shall not be subject to the provisions of § 90 of this Chapter [G.S. 97-90] but shall not exceed one third of the amount obtained or recovered of the third party.

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.

d. Fourth to the payment of any amount remaining to the employee or his personal representative.

(2) The attorney fee paid under (f)(1) shall be paid by the employee and the employer in direct proportion to the amount each shall receive under (f)(1)c and (f)(1)d hereof and shall be deducted from such payments when distribution is made.

In the present case the amount of the attorney fee allowed the attorneys representing the injured employee for their services in effecting the recovery against the third party was set by the consent judgment which terminated the action against the third party in the Superior Court. All parties to the present proceeding consented to that judgment. The fee allowed, being one-third of the recovery, was within the limitation contained in G.S. 97-10.2(f)(1)b. In the disbursement order now appealed from the Industrial Commission followed the directive of G.S. 97-10.2(f)(2) that such fee be paid by the employee and the employer in direct proportion to the amount of the recovery from the third party each receives. Since it could not be known at the time the Commission's order was entered exactly how much the employer and its reinsurance carrier will ultimately be required to pay in benefits to the injured employee during his lifetime, it was impossible to determine exactly what amount the employer and its reinsurance carrier will ultimately be entitled to receive out of

the third party recovery. For this reason the Commission properly approved payment by way of partial distribution based on the amounts actually paid to the date of its order by the employer and its reinsurance carrier for the benefit of the injured employee. By directing that the employer and its carrier be reimbursed out of the third party recovery only two-thirds of the payments made by them, the Commission followed the directive contained in G.S. 97-10.2(f)(2). Appellants do not contend to the contrary. Rather, their contention is that the statute itself is unconstitutional. Specifically, they contend that the statute is unconstitutional in that it unjustifiably impairs their freedom to negotiate a contract on their own for representation by attorneys of their choice to represent them in the prosecution and settlement of their subrogation rights against the third party tortfeasor. We do not agree.

As reference to the statutory history discloses, our Legislature has tried a number of different approaches in its efforts to achieve an equitable accommodation between the rights of the injured employee and his compensation paying employer as against the third party whose fault created the injury and loss of both. For the last thirty-five years, since the amendment effected by Ch. 622 of the 1943 Session Laws, our statutes have directed that the burden of the attorney fees incurred in effecting a recovery against the third party be borne by both the injured employee and his employer in proportion to the amount which each receives out of the recovery, and this without regard to which one employed the attorney. This solution has the merit of fairness. Under it neither party is allowed to reap the benefits of a recovery without bearing a share of its costs. The workmen's compensation statutes of at least fourteen States other than our own provide a similar solution. See Annot., 74 A.L.R. 3d 854 (1976). Although the appellate courts of those States have many times been called upon to apply their statutes, we have found but one case in which the constitutionality of an apportionment statute similar to ours has been challenged. In that case, *Reno v. Maryland Casualty Company*, 27 Ill. 2d 245, 188 N.E. 2d 657 (1962), a challenge similar to the one in this case was made to the constitutionality of the Illinois attorney fee apportionment statute. In rejecting that challenge, the Supreme Court of Illinois said:

It is next argued that the [attorney fee apportionment statute] abrogates the employer's freedom to contract, that it deprives him of his property without due process of law and that it deprives him of the equal protection of the law. The underlying basis of the employer's right to subrogation is the prevention of an unjust enrichment on the part of the employee in the form of a double recovery for the same injury. On the other hand, the legislature has provided that the employer pay a part of the necessary costs including attorney fees in order to prevent an unjust enrichment on the part of the employer who has a right of reimbursement from the recovery secured by the employee. We do not believe that requiring an employer to pay his proportionate share of the necessary costs incurred in securing the fund from which he is to be reimbursed denies him his property without due process of law or denies him equal protection of the law.

27 Ill. 2d at 248, 188 N.E. 2d at 658.

We agree with the reasoning of the Illinois Court. We find the provisions directing apportionment of attorney fees contained in G.S. 97-10.2(f) to be constitutional.

The order of the Industrial Commission here appealed from complied with that statute and is

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.