F. WILLIAM GANEY v. S. S. KRESGE COMPANY

No. 8410IC583

(Filed 16 April 1985)

1. **Master and Servant § 65.2— finding of 25% permanent partial disability of back and no other permanent impairment—supported by findings**

    The Industrial Commission's finding that plaintiff had sustained a 25% permanent partial disability to his back and no other permanent impairment was supported by the evidence where plaintiff's neurosurgeon testified that plaintiff had a permanent partial disability of approximately 25% of his spine, that he had reached maximum medical improvement, and that he did not suffer any disability to his arms and legs; an orthopedic surgeon testified that in his opinion plaintiff had reached maximum medical improvement and could work because there was no evidence of muscle weakness and plaintiff "would not harm himself by standing, sitting, stooping, lifting, bending, or pushing." A finding as to plaintiff's disability in his arms and legs was not required, despite evidence regarding loss of function in his arms and legs, because there was medical testimony that plaintiff did not suffer any disability to his arms or legs. G.S. 97-29.

2. **Master and Servant § 66— finding that psychological problems not disabling—supported by evidence**

    The Industrial Commission's finding that plaintiff's psychological problems were not in themselves disabling was supported by testimony from plaintiff's psychiatrist that he had reached maximum medical improvement and that plaintiff was functioning better, had gotten what he wanted from therapy, and had decided to stop treatment. Plaintiff presented no evidence that he was disabled from psychological problems.

3. **Master and Servant § 99— award of attorney's fees—discretion of Commission**

    There was no error in the Industrial Commission's failure to award attorney's fees in a workers' compensation case; award of counsel fees is in the discretion of the Commission.

APPEAL by plaintiff from the opinion and award of the Industrial Commission entered 12 March 1984. Heard in the Court of Appeals 5 February 1985.

Plaintiff, an employee of defendant S. S. Kresge Company, slipped and fell at work on 19 January 1978. He experienced back pain immediately after the fall. The following day plaintiff fell down the stairs at work. Plaintiff reported both injuries to his employer. Plaintiff's back pain continued, and he developed pain in his neck, arms, and legs. Plaintiff was treated by Dr. William Parker, a neurosurgeon, who performed surgery on plaintiff to remove a ruptured disc. Dr. Parker later performed a second operation to decompress nerve roots in plaintiff's cervical spine.

Defendant, who had been paying compensation since April 1978, filed an application to stop payment of compensation on 30 June 1982. Plaintiff requested a hearing alleging his benefits were discontinued despite his continued disability. The Deputy Commissioner made the following pertinent findings of fact:

3. Dr. Parker continued to follow plaintiff's progress after surgery and observed that plaintiff had pain with prolonged activity. A second operation was performed on June 11, 1979 to decompress the nerve roots in the cervical spine. Plaintiff reached maximum medical improvement with respect to the second surgery on January 27, 1980, but he had not yet recovered from his lumbar spine problems and Dr. Parker did not release him to return to work. Although he received further treatment for cervical problems several months later, the problems were caused by an unrelated automobile accident which aggravated his condition.

4. Plaintiff reached maximum medical improvement with respect to his lower back problems by July 20, 1980 although Dr. Parker did not rate his permanent disability until two years later. He continued to have intermittent pain in his back and leg which would prevent him from returning to his former job with defendant.

5. As a result of his injury by accident on January 19, 1978 plaintiff sustained an injury to his lower back and an injury to his cervical spine which aggravated his preexisting osteoarthritic ridges so that he developed symptoms and

nerve root irritation. He was temporarily totally disabled until July 20, 1980 when he had reached maximum medical improvement with respect to both conditions.

6. As a result of the injury by accident giving rise to this claim, plaintiff sustained a 25 percent permanent partial disability to his back. He has no other permanent impairment except to his back.

7. Plaintiff was also treated by Dr. Weinstein, a psychiatrist, for depression and other problems arising from the accident and the resulting disability. His psychological problems were not in themselves disabling, and he reached maximum medical improvement with respect to these problems by June 18, 1982.

8. Defendant has paid compensation to plaintiff for 209 weeks.

Based upon these findings, Deputy Commissioner Morgan R. Scott made the following conclusions of law:

1. Plaintiff is entitled to compensation at the rate of $125.33 for 119 4/7 weeks for the temporary total disability he sustained as a result of the injury by accident giving rise to this claim. Defendant has previously paid this compensation. G.S. 97-29.

2. Plaintiff is entitled to compensation at the rate of $125.33 per week for 75 weeks for the 25 percent permanent partial disability he sustained to his back as a result of the aforesaid injury by accident. Defendant has previously paid this compensation. G.S. 97-31(23).

The Deputy Commissioner found that no award need be made:

1. In that defendant has overpaid compensation due to plaintiff, no compensation is awarded herein.

2. Defendant shall pay all medical expenses incurred as a result of the injury by accident giving rise hereto when bills for the same have been submitted through the defendant to the Industrial Commission and approved by said Commission.

3. In that no compensation is awarded, an attorney's fee is not approved.

4. Defendant shall pay expert witness fees in the amounts of $130.00 to Dr. Weinstein, $175.00 to Dr. Parker and $170.00 to Dr. Azzato.

5. Defendant shall pay the costs.

Plaintiff appealed to the Full Commission alleging the Deputy Commissioner erred in failing to award him compensation for permanent partial disability to his arms and legs, or permanent total disability under G.S. 97-29. The Full Commission adopted and affirmed the Deputy Commissioner's opinion and award.

*Shipman and Lea by Gary K. Shipman for plaintiff appellant.*

*Hedrick, Eatman, Gardner, Feerick and Kincheloe by Mel J. Garofalo and John F. Morris for defendant appellee.*

PARKER, Judge.

The scope of review of a worker's compensation award by the Industrial Commission is limited to (i) whether there was competent evidence to support the findings of fact, and (ii) whether such findings support the conclusions of law. *Perry v. Hibriten Furniture Company*, 296 N.C. 88, 249 S.E. 2d 397 (1978). This is the case even if there is sufficient evidence to support a contrary finding. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981). The plaintiff has the burden of proving both the existence of his disability and its degree. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982).

[1] Plaintiff assigns error to the Commission's finding that he sustained 25% permanent partial disability to his back and no other permanent impairment. Plaintiff contends the Commission erred in not finding that he was disabled in his arms and legs as a result of his injury, or that he was permanently totally disabled under G.S. 97-29.

The Commission's finding was, however, supported by competent evidence. Dr. Parker testified that, in his opinion, plaintiff had permanent partial disability of approximately 25% of the spine. According to Dr. Parker, plaintiff reached maximum medi-

cal improvement with respect to his cervical spinal injury in January 1980, and he reached maximum medical improvement with regard to his lumbar injury in the summer of 1980. Dr. Parker further testified that, in his opinion, plaintiff did not suffer any disability to his arms and legs.

Dr. John Azzato, an orthopedic surgeon, testified that in his opinion plaintiff reached maximum medical improvement on 25 March 1982. He also testified that he was of the opinion that plaintiff could work because, objectively, he had no evidence of muscle weakness and plaintiff "would not harm himself by standing, sitting, stooping, lifting, bending, or pushing."

Clearly this evidence supports the Commission's finding that "plaintiff sustained a 25 percent permanent partial disability to his back. He has no other permanent impairment except to his back."

Defendant argues that as there was extensive evidence regarding his loss of function of his arms and legs, there should be a finding as to his disability in his arms and legs. To support this proposition defendant cites *Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978) and *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985). These cases do not, however, support plaintiff's argument. In *Little*, the uncontradicted medical testimony was that the injury to plaintiff's spinal cord resulted in weakness in all her extremities, numbness throughout her body, diminished mobility and difficulty with position sense and with recognition of things in her hands. The Full Commission had affirmed the Deputy Commissioner's finding that plaintiff suffered permanent partial disability of 45% of her back. Our Supreme Court reversed, holding as the uncontradicted medical evidence showed disability to compensable parts of plaintiff's body other than her back, if, on rehearing, the Commission determined that plaintiff in fact suffered these impairments, the award must take them into account. *Little* clearly does not support plaintiff's argument because in *Little*, the uncontradicted medical testimony showed disability to other parts of plaintiff's body. In the instant case, there was medical testimony that plaintiff did not suffer any disability to his arms or legs, but only to his back.

In *Fleming*, the plaintiff injured his back while lifting heavy boxes of paint in the course of his employment with defendant.

---

Ganey v. S. S. Kresge Co.

---

The Commission found that plaintiff's orthopedic surgeon and neurologist had concluded that plaintiff had developed arachnoiditis as a result of the treatment for his occupational injury, and the arachnoiditis was responsible for plaintiff's disabling pain in his back and leg. The Commission found that plaintiff was totally unable to pursue work of any kind and was incapable of earning any wages. The Commission concluded that plaintiff was totally disabled and awarded compensation for permanent total disability. Our Supreme Court reviewed the entire record, found that all the Commission's findings of fact were supported by the evidence, and affirmed the Industrial Commission's opinion and award. *Fleming* does not support plaintiff's argument; in *Fleming*, unlike the instant case, there was medical testimony that plaintiff's arachnoiditis caused his disabling back and leg pain, and this was found by the Commissioner.

[2] Plaintiff further argues that he should be compensated for his disabling emotional and psychological problems and the Commissioner's finding that "[h]is psychological problems were not in themselves disabling, and he reached maximum medical improvement with respect to these problems by June 18, 1982" was not supported by the evidence. We do not agree. Plaintiff's psychiatrist, Dr. Robert Weinstein, testified that when he last saw plaintiff on 18 June 1982, plaintiff had reached maximum medical improvement. Plaintiff was "functioning better. He decided to stop treatment. He had gotten what he wanted from therapy." Plaintiff presented no evidence that he was disabled from psychological problems. As the Commission's finding was supported by the evidence, this assignment of error is overruled.

[3] In his last assignment of error plaintiff argues that the Commission erred in failing to award him attorney's fees. An award of attorney's fees is within the Commission's discretion. *Taylor v. J. P. Stevens Co.*, 307 N.C. 392, 298 S.E. 2d 681 (1983). This assignment of error is overruled.

For the reasons stated the Opinion and Award of the Industrial Commission is

Affirmed.

Judges ARNOLD and EAGLES concur.