WILLIAM ALFRED DAVIS, EMPLOYEE, PLAINTIFF v. WEYERHAEUSER COM-
PANY, EMPLOYER, AND SELF-INSURER (CRAWFORD AND COMPANY),
DEFENDANT

No. 8910IC108

(Filed 19 December 1989)

1. **Master and Servant § 89.4 (NCI3d) — workers' compensation — asbestosis — recovery in third party action — distribution of workers' compensation proceeds improper**

     In a workers' compensation claim for asbestosis where plaintiff, during the pendency of the claim, brought a third party action against several asbestos manufacturers and suppliers and recovered, the Industrial Commission erred in allowing defendant employer a credit against third party proceeds pursuant to N.C.G.S. § 97-42, since defendant had not previously made any payments to plaintiff and accordingly was not entitled to a credit; the Commission should have directed defendant to pay plaintiff the compensation he was entitled to at a rate of $194.00 per week for a period of 104 weeks under N.C.G.S. § 97-61.5; and pursuant to the scheme set out in N.C.G.S. § 97-10.2(f)(1) plaintiff's third party recovery should have been used first to pay court costs, then to pay plaintiff's attorney's fee, and finally to reimburse compensation paid by defendant less defendant's proportionate share of plaintiff's attorney's fees incurred in achieving the third party recovery.

     **Am Jur 2d, Workmen's Compensation §§ 365, 437.**

2. **Master and Servant § 99 (NCI3d) — workers' compensation — no award of attorney's fees**

     It was within the Commission's discretion to deny attorney's fees in plaintiff's workers' compensation proceeding, and plaintiff failed to show an abuse of discretion in the denial.

     **Am Jur 2d, Workmen's Compensation §§ 644, 646.**

APPEAL by plaintiff from a final decision of the North Carolina Industrial Commission. Opinion filed 18 October 1988 by William H. Stephenson, Commissioner. Heard in the Court of Appeals 13 September 1989.

This is a workers' compensation claim initiated by plaintiff against defendant for injuries sustained as a result of plaintiff's

exposure to asbestos dust. At a North Carolina Industrial Commission (hereinafter Commission) hearing before Deputy Commissioner John Charles Rush, plaintiff testified that he was employed by defendant Weyerhaeuser from 1940 until he retired on 31 December 1985. Plaintiff also testified that initially he worked as an insulator and came into contact with asbestos five days a week. Later, plaintiff became a supervisor of men who removed and installed asbestos insulation. Plaintiff testified that he continued to be exposed to asbestos dust even after he stopped working as an insulator.

In 1972, defendant Weyerhaeuser discontinued use of asbestos insulation and began safety classes and measures to protect employees who came into contact with the old asbestos insulation. Despite these measures, the plaintiff continued to be exposed to asbestos dust at least through 1979. An Advisory Medical Committee later examined plaintiff and diagnosed him as having asbestosis, Grade II with 70 percent disability and told him that he should not be further exposed to asbestos dust.

The plaintiff filed a claim for compensation with the Commission prior to the date that he was first advised that he had asbestosis. Between May 1984 and June 1987 the defendant sought and obtained five continuances of the initial hearing before the Commission. During the pendency of that claim, plaintiff brought a third party action against several asbestos manufacturers and/or suppliers. Plaintiff received third party settlement totalling $51,450.00.

In an opinion and award issued on 29 January 1988, Deputy Commissioner Rush awarded plaintiff compensation for asbestosis at $194.00 per week for 104 weeks beginning 31 December 1979, but allowed defendant Weyerhaeuser full credit against the third party settlement. The hearing officer also did not require defendant Weyerhaeuser to pay plaintiff's attorney's fees for the workers' compensation claim because the third party settlement exceeded the amount of compensation presently payable and did not require defendant to pay a proportionate share of the attorney's fees incurred in the third party action. The Commission did approve the $17,150 attorney's fee collected from the third party fund. Plaintiff then appealed the deputy commissioner's decision to the full Commission.

On 18 October 1988, Commissioner William Stephenson entered an order for the Commission. He affirmed the order of the hearing commissioner making only minor modifications. First, Commis-

sioner Stephenson directed that the third party funds held in trust be paid to plaintiff after paying one-third for attorney's fees. Secondly, the commissioner reworded conclusion of law number 7 so that defendant Weyerhaeuser would be entitled to a credit for all sums received by plaintiff from third party settlement. Plaintiff appeals.

*Taft, Taft and Haigler, by Thomas F. Taft, Vickie Bletso and Nicholas Empson, for plaintiff-appellant.*

*Wallace, Morris, Barwick and Rochelle, by Thomas H. Morris and Martha B. Beam, for defendant-appellee.*

EAGLES, Judge.

Plaintiff assigns as error the Commission's failure to direct defendant to pay compensation to plaintiff including attorney's fees incurred in the workers' compensation claim and in the third party action. Plaintiff argues that the Commission erred by allowing a credit against third party proceeds, contrary to the terms of G.S. 97-61.5 and 97-10.2 and the distribution scheme set out in *Hogan v. Johnson Motor Lines*, 38 N.C. App. 288, 248 S.E. 2d 61 (1978). Plaintiff contends that the Commission's reliance on G.S. 97-42 in allowing the credit against third party proceeds was erroneous. We agree with the plaintiff's contentions except for the award of attorney's fees in the workers' compensation claim.

Initially, we note that our Legislature has tried a number of different approaches between the rights of the injured employee and his compensation paying employer as against the third party whose fault created the injury and loss of both. *Id.* at 294, 248 S.E. 2d at 64.

> [O]ur statutes have directed that the burden of the attorney fees incurred in effecting a recovery against the third party be borne by both the injured employee and his employer in proportion to the amount which each receives out of the recovery. . . . This solution has the merit of fairness. Under it neither party is allowed to reap the benefits of a recovery without bearing a share of its costs.

*Id.* at 294, 248 S.E. 2d at 64.

G.S. 97-61.5 in pertinent part provides that an employer "shall pay or cause to be paid . . . to the employee affected by such asbestosis or silicosis a weekly compensation equal to sixty-six

DAVIS v. WEYERHAEUSER CO.

[96 N.C. App. 584 (1989)]

and two-thirds percent (66⅔%) of his average weekly wages before removal from the industry, . . . for a period of 104 weeks." Further, G.S. 97-10.2(f)(1)(c) provides that an employer shall be entitled to reimbursement from any third party action proceeds for compensation paid under an award of the Commission. Finally, G.S. 97-10.2(f)(2) provides that "[t]he attorney fee under (f)(1) shall be paid by employee and employer in direct proportion to the amount each shall receive under (f)(1)(c) and (f)(1)(d) hereof and shall be deducted from such payments when distribution is made."

The distribution scheme set out in G.S. 97-10.2(f) was discussed in *Hogan*. While the facts in *Hogan* are different from this case, the difference does not affect the distribution scheme contemplated by G.S. 97-10.2(f). In *Hogan*, the appellants challenged the constitutionality of G.S. 97-10.2(f) because the statute ordered the employer to pay a proportionate share of attorney's fees when the employer did not in fact employ that particular attorney to represent its subrogation interests. Also, the plaintiff in *Hogan* had received some compensation from the employer prior to the third party settlement whereas here the plaintiff had not received any compensation from the employer prior to the third party settlement.

In *Hogan* the court pointed out that the proper distribution of proceeds would be as follows:

> a. First to the payment of actual court costs taxed by judgment.
>
> b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and such fee shall not be subject to the provisions of section 90 of this Chapter [G.S. 97-90] but shall not exceed one third of the amount obtained or recovered of the third party.
>
> c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.
>
> d. Fourth to the payment of any amount remaining to the employee or his personal representative.

*Id.* at 293, 248 S.E. 2d at 63-4, quoting G.S. 97-10.2(f)(1).

[1] Here, the third party settlement was made prior to the award of compensation by the Commission. The award recovered from

the third party action was held in trust. In making its decision to allow defendant a credit against third party proceeds, the Commission relied on G.S. 97-42 which provides that the Commission may deduct from any award any payments made by employer during the period of disability if the payments were not due when made. Here, the defendant had not previously made any payments to plaintiff and accordingly was not entitled to a credit. The Commission should have directed defendant to pay plaintiff $20,176 representing the compensation he was entitled to at a rate of $194.00 per week for a period of 104 weeks under G.S. 97-61.5.

Following the distribution scheme set out in G.S. 97-10.2(f)(1), the $51,450 collected by plaintiff from the third party recovery should have been used first to pay court costs. Secondly, it should have been used to pay plaintiff's attorney's fee. Thirdly, it should have been used to reimburse defendant for the $20,176 less defendant's proportionate share of plaintiff's attorney's fees incurred in achieving the third party recovery. The remainder of the third party recovery should have been disbursed to the employee.

Under this distribution each party will have properly shared pro rata in the costs as well as the benefits of the third party action.

[2] We next address the plaintiff's contention that his attorney should also be compensated additionally for the workers' compensation claim. We disagree.

"An award of attorney's fees is within the Commission's discretion." *Ganey v. S.S. Kresge Co.*, 74 N.C. App. 300, 305, 328 S.E. 2d 311, 314 (1985). In its award, the Commission did not find it necessary to award attorney's fees other than those collected from third party funds. The plaintiff has shown no abuse of discretion.

In summary, we find the Commission's failure to direct payment of awarded compensation to plaintiff is error. We also find the Commission's failure to require defendant to pay its proportionate share of attorney's fees in the third party recovery is error. Accordingly, we remand this matter with directions to the Commission to enter an order releasing the third party funds to be distributed in the following priority: (1) pay court costs; (2) pay plaintiff's attorney's fees; (3) reimburse defendant less its proportionate share of attorney's fees; and (4) distribute the remainder to plaintiff. Accordingly, we reverse the decision of the full Commission and remand for entry of an order consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and GREENE concur.