DAVID EUGENE RADZISZ, PLAINTIFF-EMPLOYEE v. HARLEY DAVIDSON OF METROLINA, INC., DEFENDANT-EMPLOYER, AND UNIVERSAL UNDERWRITERS, DEFENDANT-CARRIER

No. COA95-323

(Filed 20 August 1996)

**Workers' Compensation § 86 (NCI4th)— settlement with third-party tortfeasor—reimbursement of employer and workers' compensation carrier required**

The General Assembly intended N.C.G.S. § 97-10.2(f) to mandate reimbursement of defendant employer and defendant work-

RADZISZ v. HARLEY DAVIDSON OF METROLINA

[123 N.C. App. 602 (1996)]

ers' compensation carrier, and the Industrial Commission thus erred in determining defendants possessed no lien interest in sums received by plaintiff through settlement with the third-party tortfeasor prior to resolution of this workers' compensation claim.

**Am Jur 2d, Workers' Compensation § 456.**

**Right of workers' compensation insurer or employer paying to a workers' compensation fund, on the compensable death of an employee with no dependents, to indemnity or subrogation from proceeds of wrongful death action brought against third-party tortfeasor. 7 ALR5th 969.**

Appeal by defendants from Opinion and Award entered 13 December 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 December 1995.

*Tim L. Harris & Associates, by Rebecca L. Thomas, for plaintiff-appellee.*

*Golding, Meekins, Holden, Cosper & Stiles, by Henry C. Byrum, Jr. and Scott A. Beckey, for defendants-appellants.*

JOHN, Judge.

Defendants appeal an award to plaintiff of benefits under the Worker's Compensation Act (the Act) by the North Carolina Industrial Commission (the Commission), contending the "Commission err[ed] in concluding defendants were not entitled to a subrogation interest or lien interest against the third-party settlement received by plaintiff [under] N.C.G.S. § 97-10.2." We agree.

Pertinent factual and procedural background information is as follows: Plaintiff, a motorcycle mechanic employed by defendant-appellant Harley-Davidson of Metrolina, Inc. (Harley), was involved in a collision with an automobile 1 June 1990 while operating a customer's motorcycle. As a consequence of injuries received in the accident, plaintiff subsequently filed both a workers' compensation claim with defendants and a civil action against the owners of the automobile ("third-party"). Defendants denied the claim, and defendant Universal Underwriters (Universal), Harley's workers' compensation carrier, informed the third-party's liability insurance carrier of

defendants' potential subrogation lien against any civil recovery. Universal further requested that no settlement funds be disbursed to plaintiff until the lien had been satisfied.

On 24 September 1990, plaintiff and the third-party agreed to a settlement of the civil action in the amount of $25,000. On 8 November 1990, plaintiff and defendants entered into a Settlement Stipulation, providing in relevant part as follows:

> In order to accommodate the potential workers' compensation lien on the proceeds of the civil action, [the parties] hereby execute this Stipulation and Agreement whereby [plaintiff] stipulates that if his worker's compensation claim is upheld by the Industrial Commission or if [defendants] file a written admission of liability for benefits with the Commission, [defendants] will have a lien, as provided in G.S. § 97-10.2, against these proceeds, and stipulates that they will be entitled to a credit against the workers compensation benefits to the extent that they have a subrogation interest in the proceeds of the settlement of the civil action. The amount of this subrogation interest is to be determined as if the civil action were settled after the total amount of the worker's compensation lien is determined by the Industrial Commission or a court, and is to be determined in accordance with G.S. § 97-10.2. The parties specifically reserve the right to contest the issue of the amount of the lien. . . . As of the date of execution of this agreement, [plaintiff] contends that no such interest exists in this case. This Agreement is not to be construed as granting or conceding the existence of any potential subrogation interest until [plaintiff's] workers compensation claim is honored.

A Consent Order requiring payment of $25,000 by the third-party to plaintiff was thereafter entered 16 November 1990, and the funds were subsequently disbursed to plaintiff.

Following a 24 April 1992 hearing before a deputy commissioner, plaintiff was awarded workers' compensation benefits. The deputy commissioner further determined that "[p]ursuant to the agreement between all the parties to the consent judgment," defendants were entitled to a lien or credit against plaintiff's recovery from the third-party.

Plaintiff appealed to the Full Commission, which, in a 13 December 1994 Opinion and Award, concluded:

**RADZISZ v. HARLEY DAVIDSON OF METROLINA**

[123 N.C. App. 602 (1996)]

As defendants did not admit liability for [plaintiff's] injury and instead denied and contested liability, and as no final award has been entered by the Industrial Commission, defendants shall have no subrogation interest or lien [under G.S. § 97-10.2(f)(1)] as to the $25,000 third party settlement.

Continuing, the Commission noted:

[t]he settlement stipulation entered into by the parties does not purport . . . to create a subrogation interest . . .[in that] N.C.G.S. § 97-10.2's requirements, and not any stipulated agreement to another effect by the parties, controls this matter.

From this order, defendants filed timely notice of appeal.

The issue presented is whether the Commission erred in denying defendants a subrogation or lien interest against the proceeds received by plaintiff in settlement of the civil action.

Distribution of amounts recovered from a third party tortfeasor, and the rights of the employee, the employer, and the employer's insurance carrier with respect thereto, are governed by G.S. § 97-10.2. *See Hogan v. Johnson Motor Lines*, 38 N.C. App. 288, 292, 248 S.E.2d 61, 63 (1978). The statute provides in pertinent part:

(f)(1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

a. First to the payment of actual court costs . . . and/or reasonable expenses incurred by the employee in the litigation of the third-party claim.

b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment . . . .

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.

d. Fourth to the payment of any amount remaining to the employee or his personal representative.

. . . . .

(g) The insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer hereunder . . . .

(h) In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury or death . . . and such lien may be enforced against any person receiving such funds. Neither the employee . . . nor the employer shall make any settlement with or accept any payment from the third party without the written consent of the other . . . .

G.S. § 97-10.2(f)(g)(h) (1991).

In the case *sub judice*, plaintiff maintains the Commission correctly interpreted G.S. § 97-10.2, asserting that "either a written admission or a final award is a condition precedent for [defendants] to claim a lien on third-party proceeds." As neither had taken place at the time of settlement between plaintiff and the third-party, plaintiff continues, defendants possessed no subrogation interest in the settlement funds.

Conversely, defendants argue the Commission's denial of a subrogation interest amounted to "an incorrect application of [G.S. § 97-10.2(f)(1)] and interpret[ation of] case law." Specifically, defendants contend G.S. § 97-10.2 "entitles [them] to a subrogation interest or lien against the third-party settlement received by plaintiff," and "the settlement stipulation and agreement signed by [the parties] acknowledges [such] rights . . . ."

Resolution of the issue herein requires construction of G.S. § 97-10.2 in such a manner as fulfills the legislative intent and purpose. *See Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 368-69, 250 S.E.2d 271, 273 (1979). "In seeking to discover this intent, [we must] consider the language of the statute, the spirit of the act, and what the act seeks to accomplish." *See Taylor v. J. P. Stevens*, 57 N.C. App. 643, 644-45, 292 S.E.2d 277, 279 (1982).

Initially, we observe that "[t]he payor of benefits under the Workers' Compensation Act is generally entitled to reimbursement

from the proceeds received from the third party tortfeasor." *Buckner v. City of Asheville*, 113 N.C. App. 354, 358, 438 S.E.2d 467, 469 (1994) (citing 2A Arthur Larson, *The Law of Workmen's Compensation* § 74.31(a), at 14-481 (1993)). Reimbursement "of any duplicative amounts received" protects against double recovery because where "[t]here is one injury, [there is] still only one recovery." *See Andrews v. Peters*, 55 N.C. App. 124, 131, 284 S.E.2d 748, 752 (1981), *disc. review denied*, 305 N.C. 395, 290 S.E.2d 364 (1982). Indeed, most jurisdictions hold public policy requires prohibition of double recovery in that

> [i]t is . . . elementary that the [employee] should not be allowed to keep the entire amount both of his [workers'] compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse [it] for [its] compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer, wh[ich] in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay . . . and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

2A Larson at § 71.20.

Our Supreme Court has likewise applied this principle of prohibition against double-recovery to negligence actions against multiple tortfeasors, stating:

> [T]he weight of both authority and reason is to the effect that any amount paid by anybody, whether they be joint tort-feasors or otherwise, for and on account of any injury or damage should be held for a credit on the total recovery in any action for the same injury or damage.

*Holland v. Southern Public Utilities Co. Inc.*, 208 N.C. 289, 292, 180 S.E. 592, 593-94 (1935).

Bearing the foregoing in mind, we commence analysis of G.S. § 97-10.2 by examination of the express statutory language. Contrary to plaintiff's assertions, the provisions of the statute cannot logically be construed as requiring establishment of a "condition precedent" in the nature of a "written admission or a final award" before a payor of workers' compensation benefits obtains subrogation rights. Rather,

we believe the section mandates that the payor of benefits be reimbursed with "duplicative amounts received" by plaintiff from a civil suit, *see Andrews*, 55 N.C. App. at 131, 284 S.E.2d at 752, regardless of which recovery (workers' compensation or civil action) occurs first.

For example, sub-section (h) of G.S. § 97-10.2 explicitly establishes that "every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party . . . ," but contains no provision for any temporal requirement to such a lien. The language "to the extent of his interest under (f)" thus refers to the priority of benefits set out in subsection (f)(1)(a.)-(d.), and does not, as plaintiff insists, require that defendants have made payment of "compensation or medical benefits . . . at the time the third party made payment, [or else] the extent of [defendants'] interest in the lien under subsection (f) was zero." As defendants aptly contend, "the legislature certainly never intended that the employee gain a double recovery by settling his third-party claim first, claiming payments under the Act second, and denying the employer reimbursement third." *See Hogan v. Johnson Motor Lines*, 38 N.C. App. 288, 291-92, 248 S.E.2d 61, 63 (1978) (protection of employer's right to reimbursement and prohibition against double-recovery by injured employee continuously maintained in Act by General Assembly, although original requirement that employee elect between receiving compensation under Act and seeking judgment against third party later modified to allow employee to seek recovery both through Act and civil suit).

Finally, such an interpretation of G.S. § 97-10.2(f) accomplishes the "two-fold" purpose of the Act, *i.e.*, "to provide swift and sure compensation to injured workers without the necessity of protracted litigation," and to "insure[] a limited and determinate liability for employers." *Rorie v. Holly Farms Poultry Co.*, 306 N.C. 706, 709, 295 S.E.2d 458, 460 (1982). For example, an employer's right to consent in writing to a settlement between the injured worker and a third-party, as contemplated by G.S. § 97-10.2(h), is preserved without the employer sacrificing the opportunity to contest liability under the Act. Moreover, protection against double recovery by the injured employee is afforded through the provisions for employer reimbursement. *See Andrews*, 55 N.C. App. at 131, 284 S.E.2d at 752. On the other hand, an injured employee may recover immediately from the third-party and without a delay caused by the pending resolution of the workers' compensation claim, thereby accomplishing "swift and

sure compensation to injured workers." *Rorie,* 306 N.C. at 709, 295 S.E.2d at 460. In sum, this interpretation produces a

· fair [outcome to] everyone concerned: the employer . . . comes out even; the third [party] pays exactly the damages he would normally pay, . . . and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

*See* 2A Larson § 71.20.

We therefore hold the General Assembly intended G.S. § 97-10.2(f) to mandate reimbursement of defendants in the case *sub judice,* and the Commission thus erred in determining defendants possessed no lien interest in sums received by plaintiff through settlement with the third-party tortfeasor prior to resolution of the instant workers' compensation claim. Although the Settlement Stipulation between the parties properly served as defendants' written consent to the settlement between plaintiff and the third-party tortfeasors, it created no rights other than those already existing under G.S. § 97-10.2.

For the reasons stated herein, the Order and Award of the Full Commission is reversed, and this matter remanded for further proceedings consistent with this opinion.

Reversed.

Judges LEWIS and WYNN concur.