DAVID EUGENE RADZISZ, EMPLOYEE v. HARLEY DAVIDSON OF METROLINA, INC., EMPLOYER, AND UNIVERSAL UNDERWRITERS, CARRIER

No. 411PA96

(Filed 9 May 1997)

**Workers' Compensation § 86 (NCI4th)— settlement with tortfeasor before award—employer's subrogation lien**

An employer and its insurance carrier possessed a workers' compensation subrogation and lien interest under N.C.G.S.

**RADZISZ v. HARLEY DAVIDSON OF METROLINA**

[346 N.C. 84 (1997)]

§ 97-10.2 in funds received by the injured employee through settlement with the third-party tortfeasor even though the employer had not filed a written admission of liability and no final award in favor of the employee had been entered by the Industrial Commission at the time of the disbursement of the third-party settlement proceeds. Furthermore, the settlement agreement acknowledged that the employer and workers' compensation carrier are legally entitled to a subrogation or lien interest and left undecided only the question of the amount of the lien.

**Am Jur 2d, Workers' Compensation § 456**

Justice FRYE dissenting.

Justices WEBB and LAKE join in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 123 N.C. App. 602, 473 S.E.2d 655 (1996), reversing and remanding an opinion and award of the Industrial Commission entered 13 December 1994. Heard in the Supreme Court 17 April 1997.

*Tim L. Harris & Associates, by Rebecca L. Thomas, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Henry C. Byrum, Jr., and Scott A. Beckey, for defendant-appellees.*

WHICHARD, Justice.

Plaintiff-employee, David Eugene Radzisz, a motorcycle mechanic employed by defendant-employer, was involved in a collision with an automobile on 1 June 1990 while operating a customer's motorcycle. As a result of injuries sustained in the accident, plaintiff filed both a workers' compensation claim with defendants and a civil action against the owners of the automobile ("third party"). Upon learning of the civil suit, defendant-carrier Universal Underwriters notified plaintiff and the third party of a potential subrogation lien in the workers' compensation action and requested that no settlement funds be disbursed in the civil action until the potential lien was satisfied. Defendants subsequently denied compensation, claiming that the collision occurred outside the course and scope of plaintiff's employment. On 24 September 1990, plaintiff and the third party agreed to settle the civil action for $25,000 and to the entry of a consent judgment in that amount.

In order to accommodate the potential workers' compensation lien on the proceeds of the civil action, plaintiff and defendants entered into a "Settlement Stipulation and Agreement" on 8 November 1990, which provides in pertinent part:

> In order to accommodate the potential worker's compensation lien on the proceeds of the civil action, [the parties] hereby execute this Stipulation and Agreement whereby [plaintiff] stipulates that if his worker's compensation claim is upheld by the Industrial Commission or if [defendants] file a written admission of liability for benefits with the Commission, [defendants] will have a lien, as provided in G.S. § 97-10.2, against these proceeds, and stipulates that they will be entitled to a credit against the worker[']s compensation benefits to the extent that they have a subrogation interest in the proceeds of the settlement of the civil action. The amount of this subrogation interest is to be determined as if the civil action were settled after the total amount of the worker's compensation lien is determined by the Industrial Commission or a court, and is to be determined in accordance with . . . G.S. § 97-10.2. The parties specifically reserve the right to contest the issue of the amount of the lien.

> . . . As of the date of execution of this agreement, [plaintiff] contends that no such interest exists in this case. This Agreement is not to be construed as granting or conceding the existence of any potential subrogation interest until [plaintiff's] worker[']s compensation claim is honored.

A consent order requiring payment of $25,000 by the third party to plaintiff was entered 16 November 1990, and the funds were thereafter disbursed to plaintiff, subject to the terms of the settlement agreement.

Following a June 1991 hearing before Deputy Commissioner Charles Markham, plaintiff was awarded workers' compensation benefits. The Deputy Commissioner also concluded that "[p]ursuant to the agreement between all the parties to the consent judgment," defendants were entitled to a credit or lien against the proceeds of the third-party settlement.

Plaintiff appealed to the full Commission, which, in a 13 December 1994 opinion and award, determined that plaintiff was entitled to workers' compensation benefits but denied defendants' subrogation interest. The Commission concluded that "[a]s defend-

ants did not admit liability for this injury and instead denied and contested liability, and as no final award has been entered by the Industrial Commission, defendants shall have no subrogation interest or lien as to the $25,000 third party settlement." The Commission also noted that the settlement agreement entered into by the parties did not create a subrogation interest but rather "purports and preserves any such interest as defendants may have eventually been found to exist" pursuant to the requirements of N.C.G.S. § 97-10.2.

The Court of Appeals, in a unanimous decision, reversed the Commission and held that defendants did possess a lien interest in funds received by plaintiff through settlement with the third party prior to the resolution of the workers' compensation claim. This Court allowed plaintiff's petition for discretionary review on 7 November 1996, and we now affirm the Court of Appeals.

N.C.G.S. § 97-10.2 defines the rights and remedies of employees and employers against third-party tort-feasors. The statute provides in pertinent part:

> (f)(1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:
>
> . . . .
>
> c. Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.
>
> . . . .
>
> (g) The insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer hereunder but this shall not be construed as conferring any other or further rights upon such insurance carrier than those herein conferred upon the employer, anything in the policy of insurance to the contrary notwithstanding.

(h) In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury or death, whether paid in settlement, in satisfaction of judgment, as consideration for covenant not to sue, or otherwise and such lien may be enforced against any person receiving such funds. Neither the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party without the written consent of the other and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein . . . .

N.C.G.S. § 97-10.2(f)(1)(c), (g), (h) (1991).

Plaintiff argues that, when read *in pari materia*, subsections (f) and (h) of section 97-10.2 create a temporal requirement whereby written admission of liability or a final award from the Industrial Commission are conditions precedent to a subrogee's lien interest on the third-party proceeds. Subsection (h) provides that each party "shall have a lien to the extent of his interest under [subsection] (f)." Plaintiff contends that pursuant to subsection (f)(1), the Industrial Commission has jurisdiction to distribute third-party settlement proceeds to an employer only if the employer has filed a written admission of liability or if a final award favorable to plaintiff has been entered by the Commission. Here, at the time of disbursement of the third-party funds, defendant had denied liability, and there was no award, final or otherwise. Plaintiff argues that defendants therefore had no lien interest to enforce under subsection (h).

In response, defendants argue that they have a mandatory right to reimbursement under N.C.G.S. § 97-10.2 that is not waived by failure to admit liability or obtain a final award prior to distribution of the third-party settlement proceeds. Defendants contend that the Industrial Commission cannot abrogate an employer's subrogation interest by creating conditions precedent to recovery that the General Assembly has never expressed, implied, or intended. We agree.

This Court's primary task in statutory construction is to ensure that the legislative intent is accomplished. *State ex rel. Hunt v. N.C. Reinsurance Facility*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981). The best indicia of legislative purpose are "the language of the

**RADZISZ v. HARLEY DAVIDSON OF METROLINA**

[346 N.C. 84 (1997)]

statute, the spirit of the act, and what the act seeks to accomplish." *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E.2d 281, 283 (1972). The purpose of the North Carolina Workers' Compensation Act is not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers. *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484 (1966). Section 97-10.2 and its statutory predecessors were designed to secure prompt, reasonable compensation for an employee and simultaneously to permit an employer who has settled with the employee to recover such amount from a third-party tort-feasor. *Brown v. Southern Ry.* Co., 204 N.C. 668, 671, 169 S.E. 419, 420 (1933). Absent extenuating circumstances not present here, the Act in general and N.C.G.S. § 97-10.2 specifically were never intended to provide the employee with a windfall of a recovery from both the employer and the third-party tort-feasor. Where "[t]here is one injury, [there is] still only one recovery." *Andrews v. Peters*, 55 N.C. App. 124, 131, 284 S.E.2d 748, 752 (1981), *disc. rev. denied*, 305 N.C. 395, 290 S.E.2d 364 (1982).

Turning to the provisions of N.C.G.S. § 97-10.2, we note that statutory interpretation properly commences with an examination of the plain words of a statute. *Electric Supply Co. of Durham v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). Subsection (h) explicitly states that "[i]n any proceeding against or settlement with the third party, every party to the claim for compensation *shall have* a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury." (Emphasis added.) As the Court of Appeals correctly noted, the language "to the extent of his interest under (f)" refers to the priority of disbursement set out in subsection (f)(1)(a) through (d), and does not, as plaintiff asserts, require that defendants have claimed liability, made benefits payments, or sought a final award from the Commission at the time the third-party payment is made. *Radzisz v. Harley Davidson of Metrolina, Inc.*, 123 N.C. App. 602, 608, 473 S.E.2d 655, 658 (1996). An employer's statutory right to a lien on a recovery from the third-party tort-feasor is mandatory in nature, *Manning v. Fletcher*, 102 N.C. App. 392, 400, 402 S.E.2d 648, 652 (1991), *aff'd per curiam*, 331 N.C. 114, 413 S.E.2d 798 (1992), and the Industrial Commission may not unilaterally discharge that right. The Commission's authority to allocate third-party proceeds is limited to that stated by the legislature in subsection (f). The finding that defendants had no lien or subrogation interest whatsoever therefore exceeded the statutory authority

granted to the Commission and is contrary to the mandate of section 97-10.2.

Additionally, since the passage of the Workers' Compensation Act, the courts of this state have repeatedly affirmed employers' entitlement under section 97-10.2 to recovery from a responsible third party. For example, in *Byers v. N.C. State Highway Comm'n*, 275 N.C. 229, 166 S.E.2d 649 (1969), this Court held that an employer's failure to participate in an employee's wrongful death action did not waive the employer's right to reimbursement of proceeds from the wrongful death action. Similarly, in *Williams v. Insurance Repair Specialists of N.C., Inc.*, 32 N.C. App. 235, 232 S.E.2d 5, *disc. rev. denied*, 292 N.C. 735, 235 S.E.2d 789 (1977), the Court of Appeals upheld the employer's right to subrogation despite the fact that the Industrial Commission rejected the employer's compensation agreement. Most recently, in *Hieb v. Lowery*, 344 N.C. 403, 474 S.E.2d 323 (1996), this Court affirmed the Court of Appeals' decision that N.C.G.S. § 97-10.2 creates a lien for "all amounts *paid or to be paid*" to the employee. *Id.* at 408, 474 S.E.2d at 326. By inference, then, if the employer is entitled to a lien for benefits "to be paid," this includes benefits awarded after the employee settles his third-party claim or obtains a judgment, regardless of whether the employer first filed an admission of liability or obtained an award from the Commission.

Finally, we note that plaintiff signed a Settlement Stipulation and Agreement which expressly states that "if [plaintiff's] worker's compensation claim is upheld by the Industrial Commission . . ., [defendants] will have a lien, as provided in G.S. § 97-10.2, against these proceeds" and that defendants are "entitled to a credit against the worker[']s compensation benefits to the extent that they have a subrogation interest in the proceeds of the settlement of the civil action." The Industrial Commission found that the settlement agreement "merely purports and preserves any such interest as defendants may have eventually been found to exist." Contrary to the Commission's finding, we conclude that the agreement acknowledges that defendants are legally entitled to a subrogation or lien interest and leaves undecided only the question of the amount of the lien. Accordingly, the Court of Appeals correctly held that the Settlement Stipulation and Agreement "created no rights other than those already existing under G.S. § 97-10.2." *Radzisz*, 123 N.C. App. at 609, 473 S.E. 2d at 659.

**RADZISZ v. HARLEY DAVIDSON OF METROLINA**

[346 N.C. 84 (1997)]

We therefore affirm the decision of the Court of Appeals.

AFFIRMED.

Justice FRYE dissenting.

I do not agree with the majority's interpretation of N.C.G.S. § 97-10.2 of the Workers' Compensation Act. I do not believe that it ensures that the legislative intent is accomplished. Nor do I agree that the "Settlement Stipulation and Agreement" entered into by the parties in this case acknowledges defendants' entitlement to a subrogation lien. Therefore, I respectfully dissent.

The purpose of the Workers' Compensation Act is to provide a swift and certain remedy to injured workers, as well as to ensure a limited and determinate liability for employers. *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484 (1966). This Court has noted:

> The [Workers' Compensation] Act represents a compromise between the employer's and employee's interests. The employee surrenders his right to common law damages in return for guaranteed, though limited, compensation. The employer relinquishes the right to deny liability in return for liability limited to the employee's loss of earning capacity.

*Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 98-99, 348 S.E.2d 336, 341-42 (1986). The Workers' Compensation Act has been repeatedly amended, causing the potential for some of its language to be unclear. However, in light of possible ambiguity, "the Act should be liberally construed to effectuate its purpose." *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 268, 425 S.E.2d 698, 704 (1993). I believe that construing the Act as defendants and the majority do is contrary to its terms and its purpose.

The Industrial Commission, the agency charged with the administration of the Workers' Compensation Act, made the following pertinent conclusions of law:

> 11. Defendants claim a subrogation interest pursuant to N.C.G.S. § 97-10.2, based upon a stipulation by the parties in paragraph 9 of the Pre-Trial Agreement, and Exhibit A thereto, which read that the defendants here "will have a lien, as provided in N.C.G.S. Section 97-10.2 against [the] proceeds [of a $25,000.00 settlement with the third-party tort feasor incorporated in a

November 16, 1990 consent judgment], and [Mr. Radzisz] stipulates that they will be entitled to a credit against the workers' compensation benefits to the extent they have a subrogation interest in the proceeds of the settlement of the civil action. The amount of the subrogation interest is to be determined as if the civil action were settled after the total amount of the workers' compensation lien is determined by the Industrial Commission . . . and is to be determined in accordance with N.C.G.S. Section 97-10.2. The parties specifically reserve the right to contest the issue of the amount of the lien."

Further, the agreement read: ["]the purpose of this agreement is to protect the potential subrogation interest, if any, of Harley-Davidson of Metrolina, Inc. and Universal Underwriters Group. As of the date of execution of this agreement, David Radzisz contends that no such interest exists in this case. This agreement is not to be construed as granting or conceding the existence of any potential subrogation interest until Mr. Radzisz's workers' compensation claim is honored. David Radzisz reserves all rights under N.C.G.S. § 97 and N.C.G.S. § 97-10.2 to contest the amount of the subrogation interest before the Industrial Commission of a Court of appropriate jurisdiction."

This settlement stipulation was entered into on November 9, 1990.

N.C.G.S. 97-10.2(f)(1) provides that:

"[i]f the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by Order of the Industrial Commission . . ."

As defendants did not admit liability for this injury and instead denied and contested liability, and as no final award has been entered by the Industrial Commission, defendants shall have no subrogation interest or lien as to the $25,000.00 third party settlement.

12. The settlement stipulation entered into by the parties does not purport on its face or otherwise to create a subrogation interest as agreed to by the parties. Instead, it merely purports

and preserves any such interest as defendants may have eventually been found to exist. It was explicitly noted that the issue was still to be contested. Further, N.C.G.S. 97-10.2's requirements, and not any stipulated agreement to another effect by the parties, controls this matter.

Accordingly, defendants are not entitled to any subrogation interest in the third party settlement of $25,000.00.

(Alterations in original.)

The Commission's interpretation of N.C.G.S. § 97-10.2 in this case is consistent with the overall intent of the Workers' Compensation Act to allow recovery by employees for work-related injuries. *See Barnhardt*, 266 N.C. at 427, 146 S.E.2d at 484. Under this interpretation, a final award must be made by the Commission or the employer must file an admission of liability *prior to* the disbursement of proceeds from a third-party settlement. This interpretation encourages the swift settlement of workers' compensation claims between injured workers and employers, which is a central purpose of the Act. *See id.*

However, defendants contend that the Industrial Commission's interpretation abrogates an employer's subrogation interest under N.C.G.S. § 97-10.2 by creating conditions precedent to recovery, namely, a final award or an admission of liability prior to distribution of the third-party settlement proceeds. I disagree with these contentions.

The plain language of the statute imposes a temporal requirement for an employer's subrogation lien. The statute clearly conditions the disbursement of proceeds from a third-party settlement to an employer as reimbursement on the filing of a written admission of liability for benefits or a final award entered by the Commission in favor of the employee in its use of the words "if" and "then." *See* N.C.G.S. § 97-10.2(f)(1) (1991). I further note that the language "all amounts *paid or to be paid*" quoted in the majority opinion comes from the language of the UIM policy in *Hieb v. Lowery*, 344 N.C. 403, 474 S.E.2d 323 (1996), rather than from N.C.G.S. § 97-10.2.

Moreover, the main purpose of the Act, a swift and certain remedy, is eviscerated by an interpretation of N.C.G.S. § 97-10.2 that guarantees a subrogation lien to the employer regardless of when it accepts or settles an employee's claim. There is no motivation for an employer to timely accept an employee's workers' compensation

RADZISZ v. HARLEY DAVIDSON OF METROLINA

[346 N.C. 84 (1997)]

claim when the employer is certain to be reimbursed by proceeds from a possible third-party settlement in the future. The employer's financial interest is served by denying a claim until a third party settles with the injured employee, at which time the employer can receive immediate reimbursement upon accepting the claim. In the meantime, the injured worker is unable to work, is without any means of financial support, and has creditors who still need to be paid. I do not believe that this result comports with the spirit and purpose of the Workers' Compensation Act.

In addition, when the third party does agree to settle, the third party may require the consent of the employer, as it did in this case. The injured worker is thus in the position of desperately needing the proceeds from a settlement and having to obtain the consent of his employer, who has denied his workers' compensation claim. This leaves the injured worker with little or no bargaining power with either the third party or his employer. In order to get the proceeds from the settlement, the injured worker is somewhat forced, due to his predicament, into entering an agreement, such as the one in this case, with the employer.

In this case, the Settlement Stipulation and Agreement states that "if [plaintiff's] worker's compensation claim is upheld by the Industrial Commission . . . or if [defendants] file a written admission of liability for benefits with the Commission, [defendants] will have a lien, as provided in G.S. § 97-10.2, against these proceeds" and further states that "[defendants] will be entitled to a credit against the workers['] compensation benefits to the extent that they have a subrogation interest in the proceeds of the settlement of the civil action." The majority holds that the agreement "acknowledges that defendants are legally entitled to a subrogation or lien interest and leaves undecided only the question of the amount of the lien." I disagree.

The agreement also states that

[t]he purpose of this agreement is to protect the potential subrogation interest, *if any*, of [defendants]. As of the date of execution of this agreement, [plaintiff] contends that no such interest exists in this case. *This agreement is not to be construed as granting or conceding the existence of any potential subrogation interest.*

(Emphasis added.) Considering the language of the agreement as a whole, I find the Commission's finding that the settlement agreement

"merely purports and preserves any such interest as defendants may have eventually been found to exist" to be correct. Since the settlement agreement "created no rights other than those already existing under G.S. § 97-10.2," *Radzisz v. Harley-Davidson Metrolina, Inc.*, 123 N.C. App. 602, 609, 473 S.E.2d 655, 659 (1996), and defendants were not entitled to a lien under N.C.G.S. § 97-10.2, defendants are not entitled to a subrogation lien by virtue of the agreement.

Furthermore, concerns about an employee's potential recovery from both a settlement with a third party and a workers' compensation claim are misplaced. N.C.G.S. § 97-10.2(h) specifically requires the employer's consent to a settlement between the employee and a third party. This allows the employer to protect its interest in subrogation with respect to the workers' compensation claim and thereby prevent a double recovery.

Accordingly, I vote to reverse the Court of Appeals' decision and remand this case for reinstatement of the Industrial Commission's opinion and award.

Justices WEBB and LAKE join in this dissenting opinion.