BLAIR CONCRETE SERVICES, INC. AND RUSSELL SMITH, PLAINTIFFS v. VAN-ALLEN STEEL COMPANY, INC. AND R.P. CONSTRUCTION COMPANY, INC., DEFENDANTS

No. COA01-478

(Filed 6 August 2002)

**Workers' Compensation— recovery of benefits from third party—no admission of liability**

The trial court correctly granted summary judgment for defendants in an action to recover workers' compensation benefits paid to plaintiff Smith by his employer (plaintiff Blair) where

Smith was injured by a falling steel joist erected by defendants. There was no pleading, affidavit, or other documentation of a written admission of liability filed by the employer with the Industrial Commission, as required by N.C.G.S. § 97-10.2(c).

Appeal by plaintiffs from judgment entered 12 February 2001 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 14 February 2002.

*Bailey & Dixon, L.L.P., by David S. Coats, for plaintiff-appellants.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Henry Gorham and Tracey L. Jones, for defendant-appellee Van-Allen Steel Company, Inc.*

*Alexander H. Barnes, for defendant-appellee R.P Construction Company, Inc.*

HUDSON, Judge.

Plaintiffs appeal the trial court's judgment which granted defendants' motion for summary judgment and denied plaintiffs' motion to strike an affidavit of attorney Nicholas Stratas from the record. The pertinent facts are as follows: on 10 November 1995, plaintiff Russell Smith ("Smith") and his co-worker Ricardo Silva ("Silva") were injured while working for plaintiff Blair Concrete Services, Inc. ("Blair") at a construction project in Johnston County. Defendant R.P. Construction Company, Inc. ("R.P.") was the general contractor for the project and defendant Van-Allen Steel Company, Inc. ("Van-Allen") was a subcontractor responsible for erecting bar joists. Blair was a subcontractor responsible for providing concrete and concrete services. On 10 November 1995, while Smith and Silva[1] were working on the project, one of the steel joists fell and struck them, causing injuries to both workers. As a result of these work-related injuries, Blair alleged that it paid more than $10,000 in workers' compensation benefits due to Smith's injuries.

On 6 November 1998, four days before the statute of limitations was to run, Blair filed a lawsuit in Superior Court against Van-Allen and R.P. alleging that both defendants' negligence caused the injuries to Smith, and that Blair was entitled to recover from defendants for

---

1. Silva's claims were voluntarily dismissed, and he is no longer a party to this action.

the workers' compensation Blair paid due to Smith's injuries. On 27 September 1999, the court entered an order allowing Blair to amend its complaint and add Smith as a party plaintiff; in the same order, the court denied the defendants' motions to dismiss. In July and August of 2000, R.P. and Van-Allen each filed a motion for summary judgment. In support of its motion for summary judgment, R.P. filed an affidavit of Nicholas A. Stratas, an attorney who stated that he represented Smith in his workers' compensation claim against Blair. Mr. Stratas stated in his affidavit that during his representation of Smith, he did not pursue a claim against R.P because the "evidence tended to show that Blair [] was at fault, not R.P." The plaintiffs filed a motion to strike the affidavit from the record on the grounds that it failed to satisfy the requirements of Rule 56(e) of the North Carolina Rules of Civil Procedure, and that it violated Rule 3.7 of the North Carolina Revised Rules of Professional Conduct. On 12 February 2001, the trial court denied plaintiffs' motion to strike the affidavit and allowed both of defendants' motions for summary judgment. Plaintiffs appeal.

In their first argument, plaintiffs contend that the trial court erred in determining that the plaintiffs' third party claims are barred by the statute of limitations in N.C. Gen. Stat. § 97-10.2 (2001) "Rights under Article not affected by liability of third party; rights and remedies against third parties." The judgment stated without elaboration, "that no genuine issues of material fact exist as to Plaintiffs' rights under G.S. 97-10.2 and that Defendants [R.P. and Van-Allen] are entitled to judgment as a matter of law."

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Rules of Civil Procedure 56(c) (2001).

> An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. [T]he party moving for summary judgment has the burden of establishing the lack of any triable issue of fact. Furthermore, the evidence presented by the parties must be viewed in the light most favorable to the non-movant.

*Adams v. Jefferson-Pilot Life Ins. Co.*, 148 N.C. App. 357, 358, 558 S.E.2d 504, 506 (2002) (internal citations and quotations omitted).

Here, Blair alleged that it paid workers' compensation benefits to Smith for his injuries, and that because defendants negligently caused the injuries to Blair's employee, Blair was entitled to recover from defendants the workers' compensation benefits it paid. Defendants concede that as an individual, Smith had three years within which to sue the defendants as third parties for negligence. *See* N.C. Gen. Stat. § 1-52(16) (2001). Defendants contend, however, that Blair did not have standing to sue defendants during the last 60 days before the statute of limitations ran, because the right to sue belonged exclusively to Smith under N.C.G.S. § 97-10.2(c) ("Provided that 60 days before the expiration of the period fixed by the applicable statute of limitations if neither the employee nor the employer shall have settled with or instituted proceedings against the third party, all such rights shall revert to the employee or his personal representative."). Thus, defendants reason that Blair was not the proper party to file the claim, and that the Order adding Smith did not relate back, so that the claim was time-barred. For the reasons below, we need not reach this issue.

In *Lovette v. Lloyd*, 236 N.C. 663, 668, 73 S.E.2d 886, 891 (1953), the Supreme Court noted that "G.S. § 97-10 clearly contemplates that the action against the third party is to be tried on its merits as an action in tort." According to N.C.G.S. § 97-10.2(b), the employee "shall have the exclusive right to proceed to enforce the liability of the third party by appropriate proceedings if such proceedings are instituted not later than 12 months after the date of injury." N.C.G.S. § 97-10.2(c) gives either the employee or the employer the right to sue a third party tortfeasor "[i]f settlement (with the third party) is not made and summons is not issued within said 12-month period," *and "if employer shall have filed with the Industrial Commission a written admission of liability for the benefits provided by this Chapter."* (emphasis added). Here, neither Smith nor Blair settled with or sued the third parties (defendants) during the initial 12 months after the injuries.

The record reflects that Blair alleged in paragraph 21 of the amended complaint that it compensated Smith for benefits provided under workers' compensation. In its Answer, R.P. stated that it did not have sufficient knowledge regarding these allegations and therefore denied same. Van-Allen simply denied the paragraph. None of the parties presented this Court with any pleading, affidavit, or other documentation indicating that Blair did or did not file a written admission of liability with the Industrial Commission. Since we believe that the

statute clearly requires that this fact be established before the employer (Blair) could "proceed to enforce the liability" of Van-Allen and R.P., and there is nothing at all in the record tending to establish or create a genuine issue about this material fact, we believe the trial court correctly granted the defendants' summary judgment motions. *See* N.C.G.S. § 97-10.2(c).

Finally, we believe we must note the distinction between this case and the Supreme Court's opinion in *Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 484 S.E.2d 566 (1997). *Radzisz* interprets the language of N.C.G.S. § 97-10.2(f), which is similar to the language in N.C.G.S. § 97-10.2(c) at issue here. In essence, the Supreme Court in *Radzisz* held that the employer was not required to file an admission of liability for workers' compensation benefits prior to settlement of a third party claim in order to have the lien described in N.C.G.S. § 97-10.2(f) and (h). *See id.* Here, the employer is attempting to pro-actively file a third-party claim under N.C.G.S. § 97-10.2. There has been no settlement or verdict in the third-party claim, no proceeds to which a lien could apply, and thus no lien to discuss. This case concerns only how to determine if the employer (rather than the employee) has shown it qualifies under N.C.G.S. § 97-10.2 to seek reimbursement for payment of workers' compensation, by filing a suit against the third-party tortfeasor. Our decision here is based on the plain language of 97-10.2(c), to which the lien analysis in *Radzisz* does not apply. We hold that the employer Blair was required to prove or at least raise a genuine issue about whether it filed "a written admission of liability for the benefits provided" in accordance with N.C.G.S. § 97-10.2(c), and affirm the trial court's order which granted summary judgment to the defendants.

In their second assignment of error, plaintiffs contend that the trial court erroneously failed to strike from the record Mr. Stratas' affidavit. We review the trial court's ruling on the motion to strike the affidavit for abuse of discretion. *See Barnhill Sanitation Service v. Gaston County*, 87 N.C. App. 532, 536, 362 S.E.2d 161, 164 (1987), *disc. rev. denied*, 321 N.C. 742, 366 S.E.2d 856 (1988). We find that the trial court did not abuse its discretion and affirm the denial of plaintiffs' motion.

Affirmed.

Judges TIMMONS-GOODSON and CAMPBELL concur.