STROUD, Judge.
This case arises out of Defendants' deliberate decision to not pay property taxes which resulted in the local government getting a lien against their property for a judicial sale. Defendants challenge whether the trial court had subject matter jurisdiction and whether the trial court erred by granting summary judgment for Plaintiffs when Defendants had requested trial by jury. The trial court had subject matter jurisdiction, and no issues of genuine fact required submission to a jury. Plaintiffs were entitled to judgment as a matter of law, so we affirm the trial court's orders granting summary judgment for Plaintiffs.
I. Background
On 29 December 2011, Donald Sullivan and Marion Sullivan ("Defendants") were notified that the IRS had placed a lien on Defendants' property. In response, "Appellants ceased voluntarily complying with the property tax code of North Carolina and chose not to pay voluntarily property taxes ... beginning in 2012 and continuing to present day." In October 2016, Pender County and the Town of Atkinson ("Plaintiffs") filed a complaint alleging Defendants' property taxes were unpaid and requested that the court declare the unpaid taxes and to order a sale of the property as provided by N.C. Gen. Stat. § 105-374. In response, Defendants filed two motions to dismiss which were denied, and Defendants then filed their answer raising eight "defenses" and an amended answer adding four additional "defenses." The case was transferred to Superior Court, and Plaintiffs moved for partial summary judgment on the amount of taxes levied as alleged in their complaint. The trial court granted Plaintiffs' motion for partial summary judgment. Defendants appealed the interlocutory partial summary judgment order, and their first appeal was dismissed by this Court.
Throughout the case, Defendants filed many motions with the trial court. We will not describe all of them as it is not necessary for the issues on appeal. Plaintiffs filed responses, including a motion to strike some of Defendants' defenses. The trial court entered an order striking all of Defendants' defenses. Plaintiffs then moved for summary judgment on all remaining claims, and the trial court entered a final order on 22 February 2018 denying Defendants' motions and granting Plaintiffs' second motion for summary judgment, thus disposing of all issues and pending motions in the case. Defendants filed a timely notice of appeal from the summary judgment order, and the notice of appeal also purports to appeal many other orders entered previously in this case.
II. Statement Regarding This Appeal
We first note that Defendants' arguments before the trial court and to support their appeal are based upon theories often espoused by those who deem themselves to be "sovereign citizens," but none of these theories have any basis in either state or federal law:
So-called sovereign citizens are individuals who believe they are not subject to courts' jurisdiction. Courts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous. The courtroom behavior of adherents to the sovereign citizen philosophy is sometimes frustrating to trial judges:
The sovereign citizen typically files lots of rambling, verbose motions and, in court proceedings, will often refuse to respond coherently to even the simplest question posed by the Court. Each question by the judge is volleyed back with a question as to what is the judge's claim and by what authority is the judge even asking a question. In proceedings, the observant sovereign citizen clings doggedly to the sovereign citizen script. For the most part, the defendant's statements to the Court are gibberish.
State v. Faulkner , --- N.C. App. ----, ----, 792 S.E.2d 836, 842 (2016) (citation brackets, quotation marks, and ellipsis omitted).
Defendants here also "cling doggedly to the sovereign citizen script" and although their brief cites to cases, those cases are not relevant to the issues presented. With this background in mind, we will attempt to address Defendants' arguments to the extent that we can understand them.
III. Jurisdiction
Defendants first argument is that the trial court lacked subject matter jurisdiction over them. The basis for Defendant's argument is that they are not "legal entities" and are therefore not subject to taxation. They argue, with no citation to authority:
[T]he collection of property taxes is itself a form of blackmail and extortion. While the taxes are levied against land and not against owners, the illusion is created that the tax is actually owed by the owners of the land, so they will feel responsible for payment of the tax. Since the corporate Appellee cannot sue the land, a non-legal entity, NCGS 105-374(c) requires that the owner of record and his spouse be included as parties to the action so that the case may be alleged to be an actual controversy between proper parties. This is the key to the scam: If the parties don't object to jurisdiction, the scheme is a success.
"Our standard of review for questions of subject matter jurisdiction is de novo." Sugar Creek Charter Sch., Inc. v. Charlotte-Mecklenburg Bd. of Educ. , 195 N.C. App. 348, 350, 673 S.E.2d 667, 670 (2009). We find no basis in law or fact for Defendants' theories about the basis for property taxes or their contention that they are not "legal entities." Defendants were properly served, and Plaintiffs fully complied with our General Statutes for initiating a tax foreclosure:
The owner of record as of the date the taxes became delinquent and spouse (if any), any subsequent owner, all other taxing units having tax liens, all other lienholders of record, and all persons who would be entitled to be made parties to a court action (in which no deficiency judgment is sought) to foreclose a mortgage on such property, shall be made parties and served with summonses in the manner provided by G.S. 1A-1, Rule 4.
N.C. Gen. Stat. § 105-374(c) (2017). Further, Defendants' argument is irrelevant when jurisdiction is over the property being foreclosed. Apex v. Templeton , 223 N.C. 645, 647, 27 S.E.2d 617, 618 (1943) ("[I]n an action to foreclose a lien for delinquent taxes or special assessments, the judgment obtained in said action constitutes a lien in rem and the owner of the property is not personally liable for the payment thereof. It is therefore erroneous to render a personal judgment against the owner or owners of land in an action to foreclose a lien for delinquent taxes." (citations omitted) ). Defendants' arguments regarding subject matter jurisdiction are entirely without any legal basis and are overruled.
IV. Right to a Jury Trial
Defendants next argue that the trial court erred by allowing Plaintiffs' motions for partial summary judgment and thereby denying Defendants' demand for a jury trial. Defendants' answer stated:
In the event the court pretends to presume jurisdiction, Defendants demand a trial by a properly sworn jury be held in this instant matter pursuant to Article Seven of the Bill of Rights in the US Const. and to Article 1, Section 25, of the N.C. Const.
Defendants also argue that if Rule 56 allows a case to be decided by summary judgment where a party has requested a jury trial, it is unconstitutional. They argue that "Congress, the US Supreme Court and the General Assembly" have "illegally overwhelm[ed] the Constitution thru [sic] Rule 56" and that juries are "the fourth branch of government," with "authority to decide the facts and the law." Again, Defendants do not cite to any applicable or relevant authority to support this argument.
Since there was no genuine issue as to any material issue of fact and Plaintiffs were entitled to summary judgment as a matter of law, Defendants had no right to a jury trial. See N.C. Gen. Stat. § 1A-1, Rule 56(c). Where there is no genuine issue of material fact, there is nothing for a jury to decide. Contrary to Defendants' arguments, juries have no authority to decide what the law should be.
It is true that the right to a jury trial is a substantial right of great significance. However, the constitutional right to trial by jury, N.C. Const. Art. I, § 25, is not absolute; rather, it is premised upon a preliminary determination by the trial judge that there indeed exist genuine issues of fact and credibility which require submission to the jury. As both the United States Supreme Court stated in Ex parte Wall and this Court adopted in In re Bonding Co. , "it is a mistaken idea that due process of law requires a plenary suit and a trial by jury in all cases where property or personal rights are involved."
Sullivan v. Pugh , --- N.C. App. ----, ----, 814 S.E.2d 117, 119-20 (citations, brackets, and quotation marks omitted), appeal dismissed , --- N.C. ----, 817 S.E.2d 576 (2018).
This argument is overruled.
V. Denial of Motions
Defendants attempt to appeal the trial court's denial of a motion to dismiss and a motion to compel discovery.
Defendants filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), (2), and (6). We have already addressed the trial court's jurisdiction. See supra Part II. In addition, "[i]t is well established in our state's caselaw that a denial of a party's motion to dismiss made pursuant to Rule 12(b)(6) is not reviewable on appeal following a final judgment on the merits of the case." In re Will of McFayden , 179 N.C. App. 595, 599, 635 S.E.2d 65, 68 (2006).
Defendants' motion to compel discovery is not in the record as Defendants stipulated, "The [motion to compel discovery is] not necessary to the understanding of the issues raised in this appeal and they need not be reproduced as part of the record on appeal." But we cannot review a ruling on a motion to compel discovery if the discovery in question is not in our record. Therefore, we cannot review this argument, and Defendants are not entitled to appellate review on this issue. See Burton Constr. Inc. v. Outlawed Diesel, LLC , --- N.C. App. ----, ----, 820 S.E.2d 123, 125 (2018) (finding failure to include a copy of an order denying their motion to preclude review by this Court); see N.C. R. App. P. 9(a)(1)(j). Defendants' arguments are overruled.
VI. Motion to Strike
Defendants' final argument is that the trial court erred by granting Plaintiffs' motion to strike some of Defendants' defenses. Defendants raised the following defenses in their answer and amended answer: (1) subject matter jurisdiction, (2) "Tax is Illegal," (3) "Ninth Amendment, U.S. Const.," (4) "Tenth Amendment, U.S. Const.," (5) " Article I, Section 1, N.C. Const.," (6) "Defendants are not 'Taxpayers,' " (7) "Private Ownership," (8) "Factual Allegations," (9) "Tax is Illegal," (10) "Motion to Joinder," (11) "Improper Jurisdiction/Motion to Transfer," and, (12) "Statute of Limitations."
"We review the trial court's ruling on the motion to strike ... for abuse of discretion." Blair Concrete Servs., Inc. v. Van-Allen Steel Co., Inc. , 152 N.C. App. 215, 219, 566 S.E.2d 766, 768 (2002).
The trial court's order stated in part:
The Court then proceeded to hear Plaintiff's Motion to Strike pursuant to Rule 12(f). The Court finds that Defendant's first second, third, fourth, fifth, sixth and seventh defenses are insufficient defenses under the law. The Court further finds that Defendant's ninth, tenth, eleventh and twelfth defenses as stated in the amended answer are insufficient defenses under the law.
Plaintiffs concede that the "first, tenth and twelfth" defenses were sufficient defenses but argue that "Defendants [were] not prejudiced by the Court striking them."
Defendants' first defense was a lack of subject matter jurisdiction which was addressed above. See supra Part II. Defendants' tenth defense was labeled "Motion to Joinder," [sic] but Defendants make no specific argument about this defense in their brief. This argument is deemed abandoned. See N.C. R. App. P. 28(a). Defendants' twelfth defense was labeled "Statute of Limitations," and they argue that a three year limitation applies to taxation. The actual statute of limitations is ten years, not three as alleged by Defendants. N.C. Gen. Stat. § 105-378(a) (2017). All of the tax years in question are within the ten year statute of limitations.
Defendants argue that "[t]he court struck the Second and Twelfth defenses on its own volition, their not having been included in Appellees' motion, apparently in an overzealous attempt to protect the legality of the property tax and completely quash Appellants' attempts at a defense." However, "upon the judge's own initiative at any time, the judge may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C. Gen. Stat. § 1A-1, Rule 12(f). Accordingly, we find no abuse of discretion by the trial court in granting Plaintiffs' motion to strike.
VII. Conclusion
We affirm the orders and judgment of the trial court and remand for the trial court to supervise the sale of Defendants' property.
AFFIRMED AND REMANDED.
Report per Rule 30(e).
Judges DIETZ and BERGER concur.